## FREEMAN JACKSON V. THE STATE.

No. 9117.   Delivered December 16, 1925.

**1.—Manslaughter—Evidence—Res Gestae—Held, Admissible.**

Statements made by the deceased to parties who reached him shortly after the shooting, although responsive to questions asked him as to how the shooting occurred, are admissible under the rule of res gestae declarations. A statement made wholly or in part to a question would not prevent such statement from being res gestae, and the authorities are uniform in so holding. Following Nugent v. State, 273 S. W. 599 and many authorities there cited.

**2.—Same—Argument of Counsel—Improper—Not Reversible Error.**

While it was improper for the county attorney in his argument to display in the presence of the jury a written confession of appellant's not introduced in evidence, and to state that while in his office appellant, for an hour a half, when the statement was taken, was calm and deliberate. The court having instructed the jury not to consider such argument, in view of the light punishment inflicted, we cannot hold the argument of such harmful nature as to warrant a reversal of the case.

Appeal from the District Court of Falls County. Tried below before the Hon. Prentice Oltorf, Judge.

Appeal from a conviction of manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*Ben H. Rice, Jr.,* and *W. E. Rogers,* of Marlin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Falls County of the offense of manslaughter and his punishment assessed at five years' confinement in the penitentiary.

Appellant it seems had married the divorced wife of deceased and she had left the appellant and gone to live with her son and the appellant went to the house where she was living and there found the deceased who had also taken up his abode there. No other parties were present at the time the difficulty occurred save appellant and deceased. The record shows that the deceased was shot through the intestines and the appellant left the premises with his own pistol and with the pistol of his wife's son which the testimony shows was left in the house by the son on the morning of the day of the difficulty when the son left home.

By bill of exception number one appellant objects to the court's action in permitting the witness Berta Harrison to testify that she went down to the house of the deceased immediately after the shooting and asked deceased if he was hurt, and that the deceased replied "yes", and the witness then said, "Did Jackson shoot you?" and he said, "yes" and the witness further testified that the deceased said, "we tussled for some time before he shot me." The objection to this testimony is that it was in response to leading questions. The court in approving the bill certifies that this witness was close by when the shooting occurred and went at once to deceased's house after defendant ran to his buggy and was leaving; that the time between the last shot and her arrival was short, and that the statements as to the shooting were made by the defendant, were made while he was lying down with his intestines protruding from the pistol shot wound and that same was admitted as res gestae. There was no error in the court's ruling. Again it may be proper to state that this testimony could not have been harmful to the appellant because his own testimony shows that they tussled for some ten minutes before the shot was fired.

By bill of exception number two appellant complains at the court's action in permitting the witness Dan McGill to testify over his objection that when he got to where deceased was

he was lying across the bed and asked him how he felt and he said he felt "pretty bad", and asked him if he had any money and he told him "no," and witness then said he would have to have a doctor and asked him if he was able to go, and deceased said "yes", and then further asked him if he was shot and he said "yes", he was shot right here, and raised his shirt and found something hanging out, and that deceased said "he was putting up his chickens and looked up and saw this man rushing on him with a gun and shot him." The court explains this bill by saying that preliminary to admitting this testimony it was shown that witness heard the shots while about 150 yards away and went to the house of deceased, running part of the way and the statement of deceased as to how he was shot was made immediately upon witness entering the house, and while deceased must have been suffering from the wound from which his intestines were protruding. The principal objection urged to this testimony is that it is in answer to questions propounded by the witness. This bill is without merit. A statement made wholly or in part to a question would not prevent it from being res gestae. Nugent v. State, 273 S. W. 599, and many authorities there cited.

Complaint is made by bill of exception number three at the action of the county attorney in his closing argument in making reference to a written statement that the appellant had made in the county attorney's office. The court in his qualification to this bill states there was no dispute about defendant having made a statement to the county attorney and that the instrument was produced by the county attorney while he was developing that defendant had not claimed that he had been shot by deceased and that it was this same instrument that was pulled out of his pocket by the county attorney in his argument. The court further certifies that the contents were not shown to the jury in connection with the argument above complained of. The county attorney in his argument stated that at the time he took the statement that the appellant was in his office an hour and a half and that all that time he was calm and deliberate. The court instructed the jury not to consider the argument of the county attorney so far as the same applied to the statement and the condition or demeanor of defendant. Under this explanation of the court we think no error is shown in the argument of the county attorney, and in any event in view of the fact that appellant was convicted only for the offense of manslaughter under facts which we think would have clearly

justified a verdict of murder, we would not be disposed to hold that the argument, if error, was of such harmful nature as to warrant a reversal of the case.

We have carefully examined the charges given as well as those refused, and think no error is shown by the court's action in refusing the special charges offered by appellant. So far as they were correct statements of the law and applicable to the facts in this case they were fully covered by the court in the charges given.

Finding no error in the record it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.